## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DANA FRANKLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  CIV-09-1028-D** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of

the final decision of the Commissioner of the Social Security Administration (Commissioner)

denying her applications for disability insurance and supplemental security income benefits.

Pursuant to an order entered by United States District Judge Timothy D. DeGiusti, the matter

has been referred to the undersigned Magistrate Judge for initial proceedings consistent with

28 U.S.C. § 636(b)(1)(B).  The Commissioner has answered and filed the administrative

record (hereinafter Tr. ___).  Both parties have briefed their respective positions, and thus,

the matter is at issue.  For the reasons stated herein, it is recommended that the decision of

the Commissioner be affirmed.

## I.  PROCEDURAL HISTORY

Plaintiff protectively filed her applications for disability insurance and supplemental

security income benefits on April 11, 2007, alleging an inability to work since November 18,

2006, as a result of neck pain, a bulging disc in her back, pain in her hips and right arm, high blood pressure, lupus, rheumatoid arthritis, and high cholesterol. Tr. 8, 85-87, 90-93, 104, 110.[1] The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 36, 37, 38, 39, 42-45, 46-50, 52-54, 55-57. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on August 13, 2008. Tr. 18-35, 61-62. Plaintiff appeared in person with her non-attorney representative and offered testimony in support of her applications. Tr. 8, 20, 21-30. A vocational expert also testified at the request of the administrative law judge. Tr. 31-33, 83. The administrative law judge issued his decision on September 17, 2008, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was not entitled to benefits. Tr. 5-7, 8-17. The Appeals Council denied Plaintiff's request for review on July 17, 2009, and the decision of the administrative law judge became the final decision of the Commissioner. Tr. 1-3.

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. Tr. 9-10. He first determined that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of November 18, 2006. Tr. 10. At steps two and three, the administrative law judge determined that Plaintiff suffers the severe impairments of status post cervical fusion and degenerative disc disease, but he found that these impairments were

---

[1]Plaintiff originally stated that she became disabled on June 1, 2004, but subsequently amended her disability onset date to November 18, 2006. Tr. 8, 21, 85, 90.

not severe enough to meet or equal the criteria of any listed impairment or combination of impairments.  Tr. 10-12.  He also found that Plaintiff has non-severe impairments of hypertension and anxiety disorder with depression.  Tr. 10.  The administrative law judge next determined that Plaintiff has the residual functional capacity (RFC) to perform a limited range of light work.  Tr. 12-16.  Specifically, the administrative law judge found that Plaintiff can occasionally bend forward at the waist, is able to occasionally bend at the knees to come to rest on the knees,  is able to occasionally bend downward by bending her legs and spine, and is able to sustain the concentration necessary for unskilled work.  Tr. 12.  Based on this RFC and the testimony of the vocational expert, the administrative law judge determined at step four that Plaintiff can perform her past relevant work as a cashier.  Tr. 16.  Further, based on the Medical-Vocational guidelines and the testimony of the vocational expert, the administrative law judge found that a person with Plaintiff's vocational factors and RFC can perform other work that exists in significant numbers in the economy, such as counter clerk, collator, and route aid.  Tr. 16-17.  Accordingly, the administrative law judge found Plaintiff not disabled and not entitled to benefits.  Tr. 17.

## III.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

[W]e[2] independently determine whether the [administrative law judge's] decision is free from legal error and supported by substantial evidence. Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met.

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, we remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted) (internal quotation marks and brackets omitted). To determine whether a claimant is disabled, the Commissioner employs a five step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy given the claimant's age, education, and work experience. Williams, 844 F.2d at 751.

---

[2]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n.1 (10th Cir. 1992) (Kane, J., concurring) ("[A]s the second-tier appellate court, a circuit court does apply the same standard of review as the district court–the standard applicable to appellate review of individual social security cases.").

## IV. DISCUSSION

### A. TREATING PHYSICIAN RULE

Plaintiff's first argument on appeal is that the administrative law judge's analysis of the opinions of Dr. Bob Thompson, her treating physician, was legally insufficient because the administrative law judge did not provide specific and legitimate reasons for rejecting Dr. Thompson's opinions and because the administrative law judge did not properly evaluate Dr. Thompson's opinions under the relevant factors.  Plaintiff's Opening Brief, 15-23.

The Commissioner responds that substantial evidence of record supported the administrative law judge's RFC determination and that the administrative law judge properly considered Dr. Thompson's opinions and gave specific, legitimate reasons for assigning those opinions less than controlling weight.  Commissioner's Response, 4-10.  Additionally, the Commissioner asserts that the Court may not reweigh the evidence of record or substitute its judgment for that of the Commissioner.  Commissioner's Response, 10.

In reply, Plaintiff reiterates the arguments in her opening brief and argues that the Commissioner has not addressed those arguments and has selectively cited to the record in support of his arguments.  Plaintiff's Reply, 2-5.

Dr. Thompson's medical opinions are contained in three documents.  The first document is a letter dated June 21, 2007, from Dr. Thompson to the Social Security Administration.  Tr. 229.  In this letter, Dr. Thompson outlined Plaintiff's medical history and his diagnosis and he then expressed the opinion that Plaintiff is totally disabled.  Tr. 229. The administrative law judge discussed this letter and Dr. Thompson's opinion contained

within that letter, but he stated the opinion was given little weight because it was unsupported by the accompanying medical records and it invaded the ultimate issue of disability, an issue reserved to the Commissioner. Tr. 15-16.

Plaintiff does not take issue with the administrative law judge's treatment of this letter, Plaintiff's Opening Brief, 17-18; Plaintiff's Reply Brief, 3, and certainly Dr. Thompson's opinion that Plaintiff is totally disabled is on an issue reserved to the Commissioner. 20 C.F.R.§ 404.1527(e)(1); 20 C.F.R.§ 416.927(e)(1); <u>Castellano v. Secretary of Health & Human Services</u>, 26 F.3d 1027, 1029 (10th Cir. 1994) (treating physician's opinion that claimant is totally disabled is not dispositive as the ultimate issue of disability is reserved to the Commissioner); <u>Lopez v. Astrue</u>, No. 09-2187, __ Fed. Appx. ___, 2010 WL 1172610 at *4 (10th Cir. Mar. 29, 2010) (opinion by treating physician on ultimate issue of disability is not entitled to controlling weight but must be considered).[3]

Dr. Thompson's other medical opinions are contained in two Medical Source Statements, with one dated October 22, 2007, and the second one dated July 28, 2008. Tr. 306-07, 344-45. In the Medical Source Statement dated October 22, 2007, Dr. Thompson noted that Plaintiff had been a patient of his since late January 2007. Tr. 306. He diagnosed her with degenerative disc disease of the cervical spine; degenerative joint disease of the lumbar spine; cervical foraminal stenosis at C4-5 and 6; and mixed connective tissue disorder. Tr. 306. He noted that her condition would cause severe pain and he indicated that

---

[3]This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

she was under constant pain management. Tr. 306. He then expressed the opinion that Plaintiff could sit upright for one to two hours at a time and three to four hours total in a eight hour day; that she could walk one hundred yards at a time; that she could stand thirty minutes to one hour at a time and a total of three to four hours in an eight hour day; and that she could lift five to ten pounds. Tr. 307. He expressed the opinion that Plaintiff could not complete an eight hour work day due to pain, weakness and fatigue. Tr. 307. He also stated that Plaintiff would require more than normal breaks and that her medication might interfere with her alertness and performance. Tr. 307.

The Medical Source Statement dated July 28, 2008, is essentially the same except Dr. Thompson added chronic pain management, hypertension and depression as diagnoses and he eliminated his earlier diagnosis of mixed connective tissue disorder. Tr. 306, 344. Further, Dr. Thompson expressed the opinion that Plaintiff was able to stand for only thirty minutes at one time and a total of one to two hours in an eight hour day contrary to his opinion from October 2007, when he estimated Plaintiff could stand thirty minutes to one hour at a time for a total of three to four hours in an eight hour day. Tr. 307, 345.

Treating source medical opinions are entitled to deference and must be either given controlling weight or assigned some lesser weight "using all of the factors provided in 20 C.F.R. [§§] 404.1527 and 416.927." Social Security Ruling 96-2p, 1996 WL 374188, at *4. To ensure that the opinion of a treating physician receives proper deference, an administrative law judge must engage in a sequential analysis when performing his review of such opinions. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).

First, the administrative law judge must determine whether the opinion deserves controlling weight. Watkins, 350 F.3d at 1300. Controlling weight must be given if the opinion is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Watkins, 350 F.3d at 1300.

If the medical opinion is not entitled to controlling weight, it is still entitled to deference and must be weighed "using all of the factors provided in 20 C.F.R. §[§] 404.1527 and 416.927." Watkins, 350 F.3d at 1300. Further, the administrative law judge must give good reasons in the decision for the weight he ultimately assigns to the opinions. Watkins, 350 F.3d at 1301. As summarized in Watkins, the regulatory factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention, which tend to support or contradict the opinion.

Watkins, 350 F.3d at 1301 (internal quotation marks omitted). Although the decision need not include an explicit discussion of each factor, the record must reflect the weight the administrative law judge gives to the opinion and the reasons for that weight. Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007); Andersen v. Astrue, No. 05-4305, 319 Fed. Appx. 712, 718 (10th Cir. Apr. 3, 2009) ("Although the [administrative law judge's] decision need not include an explicit discussion of each factor, the record must reflect that the

[administrative law judge] <u>considered</u> every factor in the weight calculation." (citation omitted)). The decision must articulate the administrative law judge's reasoning such that later reviewers can identify both the weight that was actually assigned to the opinion and the reasons for that weight. Social Security Ruling 96-2p, 1996 WL 374188, at *5. Finally, if the administrative law judge rejects the opinion completely, he must give "specific, legitimate reasons" for doing so. <u>Watkins</u>, 350 F.3d at 1301.

The undersigned finds that the administrative law judge did not err as a matter of law as he properly performed the required analysis to determine that Dr. Thompson's opinions were not entitled to controlling weight and he then gave good reasons for the weight he ultimately assigned to those opinions, after having considered the proper factors.

In deciding whether to give controlling weight to Dr. Thompson's opinions and in deciding how much weight to give those opinions, the administrative law judge first discussed the medical evidence of record. Tr. 13-15. He first noted that Dr. Thompson was Plaintiff's primary care physician and he noted that Dr. Thompson coordinated what the administrative law judge described as palliative treatment in the way of pain medication management. Tr. 13, 221-40, 317-43. He discussed Plaintiff's MRI's and x-rays and he noted that Dr. Stephen Cagle, a board certified neurologist, performed a two level fusion at C4-5 and C5-6 on Plaintiff on February 7, 2007. Tr. 13, 308-12. The administrative law judge noted that Dr. Cagle found that Plaintiff had good symptomatic relief of her neck and arm pain from the surgery and the little residual pain she had following surgery was not remarkable. Tr. 13, 308. The administrative law judge also noted that Dr. Cagle found that

Plaintiff's strength and sensation were good and he released Plaintiff back to Dr. Thompson's care without any limitations or restrictions, but he encouraged her to participate in an exercise program. Tr. 13, 308-09.

The administrative law judge noted that following surgery, Plaintiff continued under the care of Dr. Thompson who reported that Plaintiff had 50% relief of her symptoms, although she still had some muscle pain. Tr. 13-14, 237. The administrative law judge noted that Dr. Thompson continued pain management care of Plaintiff. Tr. 14, 221-40, 317-43.

The administrative law judge then discussed the findings of Dr. Dennis Brennan, who performed a consultative examination of Plaintiff on June 26, 2007, some four months after Plaintiff's surgery. Tr. 14, 204-12. The administrative law judge noted that Dr. Brennan found that Plaintiff's grip strength was full and equal, her deep tendon reflexes were normal, there was no evidence of focal sensory or neurological deficits, and Plaintiff's range of motions were all within normal limits, although she complained of pain. Tr. 14, 205-06. The administrative law judge discussed Dr. Brennan's findings of Plaintiff's range of motion in extension and bending and the fact that her straight leg raising was negative. Tr. 14, 206. He noted that Dr. Brennan found Plaintiff to have a safe, stable and normal gait at an appropriate speed and without the use of an assistive device. Tr. 15, 206.

The administrative law judge then discussed the opinion evidence from the non-examining state agency physicians. Tr. 15. He noted the physicians found that Plaintiff could lift and/or carry up to twenty pounds occasionally and ten pounds frequently; could

stand and/or walk six hours in an eight hour day; could sit for six hours in an eight hour day; and could occasionally stoop. Tr. 15, 214-15, 305.

The discussion of this evidence clearly shows that Dr. Thompson was the only physician who placed the extreme limitations on Plaintiff and who found that she could perform less than even sedentary type work. Thus, Dr. Thompson's opinions were not consistent with the other medical evidence of record as the administrative law judge found. Tr. 15. Further, Dr. Thompson's own treatment notes do not support his findings, and while the Plaintiff disagrees with the administrative law judge's characterization that Dr. Thompson provided palliative type care in the way of continued pain medication management, the records supports this. See Tr. 15, 222–28, 230-38, 317-43.

In deciding that Dr. Thompson's opinions were entitled to some but not great weight, Tr. 15, the administrative law judge effectively addressed the required regulatory factors by noting that Plaintiff received her primary care from Dr. Thompson, Tr. 13 (treatment relationship); that the type of care Dr. Thompson provided was coordinating her palliative treatment by pain medication management, Tr. 13 (nature and extent of treatment); the fact that Dr. Thompson's opinions were not supported by relevant evidence, Tr. 15 (degree to which opinion is supported by relevant evidence); the fact that Dr. Thompson's opinions were not consistent with the medical evidence of record, Tr. 13-15 (consistency between the opinion and the record as a whole); that Dr. Thompson was not a specialist but Dr. Cagle was a board certified neurologist, Tr. 13 (noting that Dr. Thompson is a D.O. and Dr. Cagle is a

board certified neurologist) (whether or not the physician is a specialist in the area upon which the opinion is rendered).

While Plaintiff argues that Dr. Thompson's treatment notes document ongoing post-operative pain and impairments, Plaintiff's Opening Brief, 19-21, 23, the administrative law judge certainly acknowledged Plaintiff's pain and the fact her impairments could reasonably be expected to produce some of her alleged symptoms. Tr. 13. However, as the administrative law judge correctly states, "[i]n the instant case, the issue is not the existence of pain, but rather the degree of incapacity incurred because of it." Tr. 14. Qantu v. Barnhart, No. 02-1314, 72 Fed. Appx. 807, 811 (10th Cir. Aug. 13, 2003) ("[A] claimant's inability to work pain-free, standing alone, is not a sufficient reason to find her disabled." (citing Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988))). Accordingly, the undersigned finds that the administrative law judge acted appropriately in assigning Dr. Thompson's opinion less than controlling weight.

## B. CREDIBILITY ANALYSIS

Plaintiff alleges that the administrative law judge's credibility analysis was both "contrary to law and not supported by substantial evidence." Plaintiff's Opening Brief, 24. Specifically, Plaintiff claims that to the extent the administrative law judge found that her impairments could not have caused her symptoms, the medical evidence of record showed that finding to be untrue. Plaintiff's Opening Brief, 27. Plaintiff also argues that the administrative law judge incorrectly found that she was not physically deteriorating and failed to explain his finding that she limited her daily routine by choice. Plaintiff's Opening

Brief, 27-28. Plaintiff further alleges that the administrative law judge failed to discuss Plaintiff's limitations regarding her daily activities and her need for help from others. Plaintiff's Opening Brief, 28. Plaintiff also claims that the administrative law judge failed to discuss her symptoms, the side-effects of her medication, or factors which aggravated her pain. Plaintiff's Opening Brief, 29.

The Commissioner responds that the administrative law judge "properly considered Plaintiff's subjective complaints and provided specific reasons for finding that they were not fully credible." Commissioner's Response, 11. The Commissioner also argues that the administrative law judge set forth the specific evidence he relied upon in making his credibility finding and that this credibility determination was the province of the administrative law judge and binding on this Court. Commissioner's Response, 13.

Plaintiff replies reiterating the same arguments made in her opening brief and claiming that the Commissioner has failed to address those arguments. Plaintiff's Reply, 6-7.

The standard for evaluating the effects of symptoms of pain on a claimant's ability to work is well established. The administrative law judge must consider (1) whether the claimant has established the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain, (2) if so, whether there is at least a "loose nexus" between the impairment and the claimant's subjective allegations, and (3) if so, whether, considering all of the evidence, both objective and subjective, the claimant's symptoms are in fact disabling. Luna v. Bowen, 834 F.2d 161, 163-65 (10th Cir. 1987).

When the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the claimant's ability to do basic work activities. Social Security Regulation, 96-7p, 1996 WL 374186, at *1. Some factors that may be considered in assessing the credibility of a claimant's statements about the effects of symptoms include (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant receives or has received for relief of pain or other symptoms; (5) treatment, other than medication, the claimant has received for relief of pain or other symptoms; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see also Luna, 834 F.2d at 165-66; Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988) (listing other relevant factors including "frequency of medical contacts, . . . subjective measures of credibility that are peculiarly within the judgment of the [administrative law judge], the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.").

Credibility determinations are peculiarly withing the province of the finder of fact and should not be upset when they are supported by substantial evidence. Diaz v. Secretary of Health & Human Services, 898 F.2d 774, 777 (10th Cir. 1990). Indeed, the administrative

law judge has an "institutional advantage" in making credibility determinations. "Not only does an [administrative law judge] see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion." White v. Barnhart, 287 F.3d 903, 910 (10th Cir. 2001). However, an administrative law judge must closely and affirmatively link his credibility findings to substantial evidence as a conclusory finding is insufficient. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). But a "formalistic factor-by-factor recitation of the evidence" is not required. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). An administrative law judge's credibility analysis is sufficient so long as the decision sets forth the specific evidence relied upon in making the determination. Qualls, 206 F.3d at 1372.

In this case, the administrative law judge first set forth the test used in evaluating a claimant's complaints of pain. Tr. 12. The administrative law judge then summarized Plaintiff's testimony at the administrative hearing, stating that Plaintiff complained of neck, right arm, and lower back pain and that her pain medication caused her to become sleepy and have concentration and memory problems. Tr. 12. The administrative law judge also noted that Plaintiff testified to having sleep problems but that her sleep medication helped. Tr. 13. Regarding Plaintiff's daily activities, the administrative law judge stated that Plaintiff testified that she usually took her medication and sat on heating pad, did some chores like washing the dishes, had difficulty bending and stooping, alternated sitting and lying down throughout the day (which required her to lie down on her heating pad five times during an eight hour day from thirty minutes to an hour), and sat in a recliner or chair with a footstool.

15

Tr. 13.  The administrative law judge also stated that Plaintiff testified that she could shop in short intervals, could drive but had a hard time turning her head, was able to visit her family, attended church once a month or more, and went to restaurants and movies.  Tr. 13. The administrative law judge also noted that Plaintiff claimed she could sit for less than one hour without changing positions, could stand for approximately thirty minutes, could walk two blocks, and could lift ten pounds without difficulty.  Tr. 13.  The administrative law judge then found that while Plaintiff's medically determinable impairments could be expected to produce some of her alleged symptoms, her statements concerning the intensity, persistence and limiting effects of those symptoms were not credible to the extent they conflicted with her RFC.  Tr. 13.  In support of his finding, the administrative law judge discussed Dr. Cagle's findings, specifically stating the Dr. Cagle found that Plaintiff experienced good relief from her neck and arm pain after the anterior cervical fusion and recommended that Plaintiff see a physical therapist regarding an exercise program.  Tr. 13. He also noted that Dr. Cagle found that Plaintiff's strength and sensation were good.  Tr. 13. The administrative law judge discussed Dr. Thompson's finding that Plaintiff experienced 50% relief of her symptoms post-operatively.  Tr. 13-14.  He also discussed the essentially normal findings from Dr. Brennan as well as the opinion evidence from the State agency physicians.  Tr. 14-15.  The administrative law judge then concluded:

> In the instant case, the issue is not the existence of pain, but rather the degree of incapacity incurred because of it.  While the claimant complains of severe pain, it does not seem reasonable to conclude from the minimal findings in evidence that such could be the basis for the degree of pain alleged.  She does not appear to be experiencing progressive physical deterioration which might

16

> be expected when there is intense and continuous pain. Likewise, the claimant's routine does not appear restricted by her alleged disability, but rather by choice.

Tr. 14. This credibility analysis was adequate under the test set forth above and was supported by the record.

The administrative law judge never disputed the existence of Plaintiff's impairments or that such impairments could produce at least some of the complained of symptoms but he instead found that those symptoms could not be as intense and limiting as Plaintiff alleged. Tr. 13. Other than Dr. Thompson, no doctor who has examined, treated or reviewed Plaintiff's medical records has indicated that she is disabled as a result of her pain. Further, no doctor who has examined the Plaintiff, including Dr. Thompson, has found any muscle atrophy or other physical deterioration one might expect to see if someone is suffering disabling pain, as the administrative law judge noted. In fact, Dr. Brennan specifically stated there was no evidence of muscle atrophy. Tr. 205. Finally, regarding Plaintiff's claim that the administrative law judge failed to consider the side effects of her medication, that claim must also fail because as stated above, the administrative law judge did indeed consider those side effects in finding Plaintiff's sustained concentration due to her medication would limit her to unskilled work. Tr. 12-13, 32. Accordingly, the undersigned finds that the administrative law judge's credibility finding is legally sufficient and supported by substantial evidence.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of the Social Security Administration be affirmed.  The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by September 13, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this 23rd day of August, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE