# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-09-1028-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U. S. C. §§416(i),423, and 1382. The matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On August 23, 2010, the Magistrate Judged filed a Report and Recommendation [Doc. No. 24] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to that recommendation, the matter is reviewed *de novo.*

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Wall v. Astrue,* 561 F. 3d 1048, 1052 (10th Cir. 2009); *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994). Substantial evidence is that which a reasonable person might

deem adequate to support the ultimate conclusion; it requires "more than a scintilla, but less than a preponderance." *Wall*, 561 F. 3d at 1052. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the Administrative Law Judge must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In this case, the Magistrate Judge found that the Commissioner correctly applied the applicable regulations to the evidence in the record in concluding that Plaintiff was not eligible for disability benefits pursuant to Title II of the Social Security Act ("Title II") or for supplemental security income benefits under Title XVI. The Magistrate Judge also found that the decision is supported by substantial evidence. As explained in detail in the Report and Recommendation, the Administrative Law Judge fully considered the evidence and concluded that, although Plaintiff had physical impairments during the relevant time period, those impairments did not render her qualified to receive Title II disability benefits. More specifically, the Magistrate Judge found that the Commissioner correctly concluded that Plaintiff retains the residual functional capacity ("RFC") to perform a limited range of light work and that she can perform her past relevant work as a cashier. He further found that, based on the Medical-Vocational guidelines and the testimony of a vocational expert, a person with Plaintiff's vocational factors and her RFC can perform other work that exists

in significant numbers in the economy. Accordingly, he concluded she is not disabled within the meaning of the Social Security Act.

Plaintiff's primary objection, asserted in her opening brief and in her objection to the Report and Recommendation, is based on the contention that the Administrative Law Judge failed to properly evaluate the opinions of Plaintiff's treating physician. The Magistrate Judge addressed this issue in detail in the Report and Recommendation at pages 5-12. The Court has reviewed that analysis and concludes that it correctly recites the evidence in the record and accurately applies the law regarding the weight to be afforded a treating physician's opinion. As the Magistrate Judge explained, the Administrative Law Judge's decision discusses the treating physician's opinion in detail, notes that his opinion is different from the other medical opinions in the evidence, and explains that the treating physician's opinion is afforded some, but not great, weight. The Court agrees that the Administrative Law Judge did not err in his analysis of the weight to be afforded the treating physician's opinion.

Plaintiff also argues that the Administrative Law Judge erred in his assessment of her credibility, and she contends he failed to properly consider the factors to be assessed in evaluating a claimant's symptoms of pain. In the Report and Recommendation at pages 12 through 17, the Magistrate Judge addressed this contention in detail, discussing the evidence and the Administrative Law Judge's conclusions regarding credibility and the assessment of Plaintiff's pain. That discussion is consistent with the record in this case, and the Court agrees with the Magistrate Judge that the Administrative Law Judge committed no error in his analysis or conclusion.

Plaintiff also contends the Magistrate Judge improperly sought to bolster the Administrative Law Judge's decision by citing and discussing additional evidence on which the Administrative Law

3

Judge did not rely. The Court disagrees. In the Report and Recommendation, the Mabistrate Judge discussed the evidence in the record in detail. However, he pointed out that the Administrative Law Judge's decision also refers extensively to the evidence. The Administrative Law Judge's decision is lengthy and detailed, and cites to specific evidence in the record as well as to the correct legal standards to be applied. The Magistrate Law Judge did not improperly expand that discussion to support the decision.

Having fully reviewed the Report and Recommendation and the record as well as Plaintiff's objections, the Court concludes the Report and Recommendation [Doc. No. 24] should be, and is, adopted as though fully set forth herein. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED this 4th day of January, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE